UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

Case No. 13-20829

HON. DENISE PAGE HOOD

v.

DURAND SINCLAIR,

    Defendant.

_____/

**ORDER DENYING MOTION FOR BOND PENDING APPEAL
AND DENYING MOTION TO EXTEND REPORT DATE**

**I.    BACKGROUND**

This matter is before the Court on Defendant Durand Sinclair's Motion for Bond Pending Appeal. This motion was originally filed before the Judgment was entered in this case. The Judgment was entered on December 9, 2014. (Doc. No. 49) Sinclair filed a Notice of Appeal on December 9, 2014. (Doc. No. 48) The parties agreed that the Motion for Bond Pending Appeal and the Government's response thereto (Doc. No. 44) could be resubmitted after the Judgment was entered. (Stip. and Order, Doc. No. 51, 1/8/15)

On October 17, 2013, a Complaint was filed against Defendant Durand Sinclair charging him one count of Felon in Possession of a Firearm, in violation of 18 U.S.C. §§ 922(g)(1). On November 12, 2013, the grand jury returned a one-count indictment

charging Defendant with Felon in Possession of a Firearm. Defendant was detained pending trial until the Court granted his Emergency Motion for Revocation of Detention Order on May 23, 2014 to attend the birth of his child. At his plea hearing, the Court allowed Defendant to continue on bond pending sentencing.

Defendant participated in the location monitoring program and is detained at his home except for employment, religious services, court appearances, visiting his grandmother, etc. (Doc. No. 34) Defendant entered into a Rule 11 Plea Agreement with the Government for a plea of guilty to being a Felon in Possession of a Firearm, with a guideline range of 57-71 months. (Doc. No. 36) The Rule 11 Plea Agreement allowed Defendant to appeal the Court's Order Denying Defendant's Motion to Suppress. (Doc. No. 36) Defendant was sentenced to a term of 50 months of imprisonment, followed by 2 years of supervised release. (Judg., Doc. No. 49)

## II. ANALYSIS

### A. Bond Pending Appeal

18 U.S.C. 3143(b) governs the release or detention pending an appeal by a defendant:

> (1) Except as provided in paragraph (2), the judicial officer shall order that a person who has been found guilty of an offense and sentenced to a term of imprisonment, and who has filed an appeal or a petition for a writ of certiorari, be detained, unless the judicial officer finds--
> (A) by clear and convincing evidence that the person

> is not likely to flee or pose a danger to the safety of any other person or the community if released under section 3142(b) or (c) of this title; ***and***
> > (B) that the appeal is not for the purpose of delay and raises a substantial question of law or fact likely to result in--
> > > (I) reversal,
> > > (ii) an order for a new trial,
> > > (iii) a sentence that does not include a term of imprisonment, or
> > > (iv) a reduced sentence to a term of imprisonment less than the total of the time already served plus the expected duration of the appeal process.
> If the judicial officer makes such findings, such judicial officer shall order release of the person in accordance with section 3142(b) or (c) of this title, except that in the circumstance described in subparagraph (B)(iv) of this paragraph, the judicial officer shall order the detention terminated at the expiration of the likely reduced sentence.

18 U.S.C. § 3143(b)(1); *United States v. Chilingirian*, 280 F.3d 704, 709 (6th Cir. 2002). Following a conviction, section 3143 creates a presumption that a convicted defendant may not be released pending sentencing or appeal. *United States v. Vance*, 851 F.2d 166, 169 (6th Cir. 1988). The defendant has the burden to show by clear and convincing evidence that the defendant is not likely to flee or pose a danger to the community or others. *Id.* Factors of past criminal conduct and connection to weapons may be properly considered in assessing the general risk of the defendant's danger to the community. *Id.* at 169-70.

Defendant has been on bond in this case since May 2014 and has not fled. As

to the general risk of Defendant's danger to the community, Defendant has admitted the charge of felon in possession. Although the fact that Defendant is a convicted felon in possession of a firearm may not necessarily establish that he is a danger to the community, the Court is to consider his past criminal conduct in its assessment of dangerousness. *See, United States v. Katsma*, 147 Fed. Appx. 561, 565 (6th Cir. Aug. 31, 2005); *Vance,* 851 F.2d at 169-70. Defendant's past criminal conduct involves firearms, drugs and assaultive acts. Defendant was on probation on state charges of felony firearm and attempted delivery/manufacture of controlled substances when he was charged with the instant offense. At the time of the offense charged, Defendant was under surveillance and investigation for illegal narcotics trafficking. These facts are strong evidence of Defendant's disregard for the safety of the community and the danger that his criminal actions bring. However, Defendant has been compliant with the conditions of his release since May 2014 and pending designation by the Bureau of Prisons. Defendant has carried his burden by clear and convincing evidence that he does not pose a danger to the community or others while compliant with his bond conditions.

As to whether the appeal is for the purpose of delay, Defendant argues he is not filing an appeal for delay and the Court so finds.

Regarding whether the appeal will raise a substantial question of law or fact

which will likely result in reversal of the Court's order denying Defendant's motion to suppress, the Court does not so find based on the findings and conclusions set forth in its Order. (Doc. No. 31) Specifically, the Court detailed the officer's affidavit regarding the nexus of the search warrant to the Snowden street address. (Doc. No. 31, pp. 5-8) Defendant has not carried his burden that the appeal will raise a substantial question of law or fact which will likely result in reversal of the Court's order denying Defendant's Motion to Suppress.

Based on the above analysis, the Court finds that Defendant has not carried his burden to rebut the presumption of detention pending appeal.

### B. Extend Reporting Date

Defendant seeks to extend his reporting date of February 10, 2015 to FCI Milan for an additional ten days to allow the Court time to consider his motion for bond pending appeal. The Court, having ruled on that motion prior to the reporting date of February 10, 2015, extending the report date is unnecessary.

### III. CONCLUSION

For the reasons set forth above,

IT IS ORDERED that Defendant's Motion for Bond Pending Appeal **(Doc. No. 53)** is DENIED.

IT IS FURTHER ORDERED that Defendant's Motion to Extend Reporting

Date **(Doc. No. 54)** is DENIED.

                                    <u>S/Denise Page Hood                      </u>
                                    Denise Page Hood
                                    United States District Judge

Dated: February 5, 2015

I hereby certify that a copy of the foregoing document was served upon counsel of record on February 5, 2015, by electronic and/or ordinary mail.

                                    <u>S/LaShawn R. Saulsberry                 </u>
                                    Case Manager