**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

UNITED STATES OF AMERICA,

    Plaintiff-Respondent,                  Criminal Case No. 13-20829
                                                    Civil Case No. 16-11000

v.

                                                    HON. DENISE PAGE HOOD

DURAND SINCLAIR,

    Defendant-Petitioner.
_____/

**ORDER DENYING MOTION UNDER 28 U.S.C. § 2255
TO VACATE, SET ASIDE, OR CORRECT SENTENCE
AND
DISMISSING CIVIL ACTION**

**I.    BACKGROUND**

On June 25, 2014, Defendant Durand Sinclair pled guilty to felon in possession of a firearm in violation of Title 18 United States Code Section 922(g) (Count One) as alleged in his Indictment. (Doc. No. 59, Transcript of Rule 11 Plea Agreement). Sinclair was sentenced to a term of 50 months, followed by 24 months on supervised release. (Doc. No. 49, Judgment as to Durand Sinclair). A Notice of Appeal was filed by Sinclair on December 29, 2014. (Doc. No. 48). The

1

Sixth Circuit Court of Appeals affirmed Sinclair's conviction and Judgment on December 30, 2015 and the Mandate was issued on December 30, 2015. (Doc. Nos. 60, 61).

Sinclair filed a Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 on March 17, 2016, amended on June 22, 2016, adding a second ground for relief. (Doc. Nos. 62, 70). As grounds for relief, Sinclair claims (1) that his trial counsel was ineffective and (2) that his conviction under M.C.L. § 750.84 does not qualify as a crime of violence categorically and that he should be resentenced. On July 14, 2016 the matter was stayed pending a decision by the United States Supreme Court in *Beckles v. United States*. (Doc. No. 74). On March 22, 2017 the stay was lifted. (Doc. No. 77) The Government then filed a response brief in this matter. (Doc. No. 78) For the reasons set forth below, the Court denies Sinclair's Motion to Vacate, Set Aside, or Correct Sentence on both grounds.

## II. ANALYSIS

### A. Standard of Review

Section 2255 authorizes a federal prisoner to move the district court to vacate a sentence. 28 U.S.C. § 2255(a). Motions brought under 28 U.S.C. § 2255 are subject to a one-year limitations period established by the Antiterrorism and

Effective Death Penalty Act of 1996 ("AEDPA"). *Dunlap v. United States,* 250 F.3d 1001, 1004-05 (6th Cir. 2001). The AEDPA established a one-year limitations period for § 2255 motions, generally running from "the date on which the judgment of conviction becomes final." 28 U.S.C. § 2255(f)(1). When a movant does not pursue a direct appeal to the court of appeals, the conviction becomes final on the date the time for filing such an appeal expires. *Sanchez-Castellano v. United States,* 358 F.3d 424, 428 (6th Cir. 2004). In order to prevail in a § 2255 motion, a petitioner "must allege three bases: (1) an error of constitutional magnitude; (2) a sentence imposed outside of the statutory limits; or (3) an error of fact or law that was so fundamental as to render the entire proceeding invalid." *Weinberger v. United States,* 268 F.3d 346, 351 (6th Cir. 2001).

A court may not conduct a collateral review of a judgment where the issues for review have been decided on direct appeal. *DuPont v. United States,* 76 F.3d 108, 110-11 (6th Cir. 1996). A court also may not conduct a collateral review of an issue that has been procedurally defaulted by the defendant's failure to raise the grounds for review on direct appeal. *Massaro v. United States,* 530 U.S. 500, 504 (2003). Section 2255 is not a substitute for a direct appeal and a defendant cannot use it to circumvent the direct appeal process. *United States v. Frady,* 460 U.S.

3

152, 164-65 (1982); *Elzy v. United States,* 205 F.3d 882, 884 (6th Cir. 2000). Where a defendant fails to raise claims on direct appeal and attempts to raise them in a § 2255 motion, the defendant must show good cause for the failure to raise the claims and establish prejudice or the defendant must show he or she is actually innocent. *Regalado v. United States,* 334 F.3d 520, 528 (6th Cir. 2003).

### B. Ineffective Assistance of Counsel Claim: Failure to Challenge the Affidavit/*Franks v. Delaware*

The court of appeals typically will not review a claim of ineffective assistance of counsel on direct appeal except in rare cases where the error is apparent from the existing record. *United States v. Lopez-Medina,* 461 F.3d 724, 737 (6th Cir. 2006). Under the Sixth Amendment, a defendant has a right to "have the Assistance of Counsel for his defence." U.S. Const. Amend. VI. A defendant under the Sixth Amendment has a right to "reasonably effective assistance of counsel." *Strickland v. Washington*, 466 U.S. 668, 687 (1984). In *Strickland*, the Supreme Court articulated a two prong test for ineffective counsel:

> First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable. Unless a defendant makes both

4

> showings, it cannot be said that the conviction . . . resulted from a breakdown of the adversary process that renders the result unreliable.

*Id*. "There is a strong presumption that legal counsel is competent." *United States v. Osterbock*, 891 F.2d 1216, 1220 (6th Cir. 1989). In addition, a "reviewing court must give a highly deferential scrutiny to counsel's performance." *Ward v. United States*, 995 F.2d 1317, 1321 (6th Cir. 1993). "The reasonableness of counsel's performance is to be evaluated from counsel's perspective at the time of the alleged error and in light of all the circumstances." *Kimmelman v. Morrison*, 477 U.S. 365, 384 (1986). "The defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland,* 466 U.S. at 694. Counsel is not required to raise futile challenges in order to avoid a claim of ineffective assistance. *McQueen v. Scroggy*, 99 F.3d 1302, 1328 (6th Cir. 1996).

In his motion, Sinclair alleges an error of constitutional magnitude–that his constitutional right to effective assistance of counsel under the Sixth Amendment was violated. Sinclair raises one argument in his *pro se* ineffective assistance of trial counsel claim: counsel failed to challenge the affidavit showing probable cause to search the Snowden residence under *Franks v. Delaware*, 438 U.S. 154

(1978), when the affidavit misled the magistrate judge into believing that it was Sinclair's residence by use of the phrase "his residence" when officers knew there was no supporting evidence that the Snowden residence was Sinclair's residence.

Sinclair claims his trial counsel was ineffective when he did not request a *Franks* hearing concerning the phrase "his residence" used in a search warrant affidavit. The "veracity of the statements of the affiant in a warrant affidavit" can be challenged under *Franks* "if and only if (1) there is a substantial preliminary showing that specified portions of the affiant's averments are deliberately reckless or false and (2) a finding of probable cause would not be supported by the remaining content of the affidavit when the allegedly false material is set to one side." *United States v. Campbell*, 878 F.2d 170, 171 (6th Cir. 1989). The Government responds that raising such an argument would have been futile.

First, Sinclair could not make a substantial and preliminary showing that the phrase "his residence" was deliberately or recklessly false. Logical inferences cannot constitute false or misleading statements. *See Blakeney v. United States*, 191 F.3d 451, at *4 (6th Cir. 1999) (unpublished) (table). In support of their representation that the house on Snowden was Sinclair's residence, the Government references their surveillance establishing a pattern of Sinclair coming, leaving, and going back to the Snowden residence and entering through the front

door by way of using a key. The assertion that the Snowden house was Sinclair's residence was a logical inference from the Government's observations. It cannot be considered to be deliberately or recklessly false, and it does not satisfy the first prong of the *Franks* standard of review. The alleged false or misleading statement must be later shown to be false to warrant a *Franks* hearing. *See United States v. Duval*, 742 F.3d 246, 250 (6th Cir. 2014). The recovery of Sinclair's identification as well as a utility bill in his name at the Snowden residence significantly undermines any probability that a *Franks* hearing would ever have been granted.

Second, the affidavit would still support probable cause without use of the phrase "his residence." The Sixth Circuit defines probable cause as "reasonable grounds for belief, supported by less than prima facie proof but more than mere suspicion." *United States v. Smith*, 182 F.3d 473, 477 (6th Cir. 1999). The standard of whether an affidavit has shown probable cause requires only a probability of criminal activity and can be established by direct knowledge, observations of the affiant, or hearsay from an informant. *Id*. The Government argues that the rest of the affidavit, that Sinclair has not challenged, would still produce a showing of probable cause. The affidavit shows Sinclair commencing drug activity at the Pasadena house after arriving there from the Snowden house (Doc. No. 23, Gov. Response, Exhibit 1 at Page ID 125). The Government also

collected information from an informant that s/he had been purchasing heroin from Sinclair on Pasadena for several years. (*Id.* at Page ID 138). Throughout the course of their investigation, officers arrested several individuals seen leaving the house on Pasadena after purchasing narcotics. (*Id.* at Page ID 139). The search on Pasadena recovered crack cocaine, heroin, marijuana, and other drug paraphernalia, and the search on Snowden recovered a shotgun, several pieces of Sinclair's Identification, and a utility bill in Sinclair's name. (*Id.* at Page ID 128). Sinclair was not entitled to a *Franks* hearing, and defense counsel was not required to move for one.

The underlying issues relating to the search warrant were raised by defense counsel and rejected by the courts. "It is well settled that in seeking suppression of evidence the burden of proof is upon the defendant to display a violation of some constitutional or statutory right justifying suppression." *United States v. Giacalone,* 853 F.2d 470, 482 (6th Cir. 1988). A defendant must make an initial showing of contested facts to be entitled to an evidentiary hearing. *Id.* at 483. Sinclair's defense counsel indicated that the warrant failed to allege that he owned, rented, or occupied the Snowden address." (Doc. No. 25, Page ID 144). The Sixth Circuit addressed the issue, raised by the defense appellate counsel, of whether the Snowden address was Sinclair's residence. (Doc. No. 60, Pg ID 441) Sinclair's

8

counsel repeatedly raised the issue that he believed the phrase provided by the affiant was misleading. However, the district and appellate courts rejected this argument. The district court denied Sinclair's motion to suppress the evidence proffered from the search of the house on Snowden. (Doc. No. 31, Page ID 182). The court cited the activity on Pasadena, Sinclair's known history as a drug dealer, and his continued presence on Pasadena and Snowden as the basis for their decision. (*Id*. at Page ID 187-189). The Sixth Circuit did not decide this specific factual issue, but otherwise affirmed the district court's decision based on the good-faith exception to the affidavit. (Doc. No. 60, Pg ID 442-45) Sinclair cannot now use a § 2255 motion to raise the same issue that was presented and decided on his direct appeal. See *Wright v. United States*, 182 F.3d 458, 467 (6th Cir. 1999); *Jones v. United States*, 178 F.3d 790, 796 (6th Cir. 1999).

Sinclair has not shown that a request to a *Franks* hearing would have in any way been granted or that the result of the proceeding would have been different. Sinclair cannot meet either prong of the *Strickland* test: that trial counsel's performance was unreasonable or that Sinclair was prejudiced by the failure of requesting a *Franks* hearing. The defense council's decision to not request a *Franks* hearing is an exercise of defense counsel's legal judgment. It does not rise to the level of ineffective assistance of counsel required in finding that Sinclair was

inadequately represented with respect to his Sixth Amendment rights.

Based on the above analysis, the Court finds that Sinclair failed to show that his trial counsel's performance was deficient under either prong of the *Strickland* test. Sinclair is not entitled to relief under § 2255.

**C.    Sentencing Guidelines Vagueness Claim:  *Johnson/Beckles***

In *Johnson v. United States*, 135 S.Ct. 2551, 2555-2563 (2015), the Supreme Court held the residual clause of the Armed Career Criminal Act, (ACCA), to be unconstitutionally vague. According to *Welch v. United States*, 136 S.Ct. 1257, 1265 (2016), *Johnson* is now retroactively applicable to cases on collateral review. Following *Johnson*, the Sixth Circuit held that "the residual clause of U.S.S.G. § 4B1.2(a) is unconstitutionally vague." *United States v. Pawlak*, 822 F.3d 902, 911 (6th Cir. 2016). However, *Beckles v. United States*, 137 S.Ct. 886, 895-96 (2017), abrogated the decision in *Pawlak*, holding that the *Johnson* rationale does not extend to the advisory sentencing guidelines.

In his motion, Sinclair alleges an error of constitutional magnitude–that his sentencing was unconstitutional under *Johnson,* since it relied on the residual clause which was held to be unconstitutionally vague. Sinclair raises one argument in his amendment to his motion: Sinclair's conviction under M.C.L. § 750.84 does not qualify as a crime of violence under the residual clause of U.S.S.G. § 4B1.2(a)

and he should be resentenced.

Sinclair claims that his sentence under the U.S.S.G. § 4B1.2(a) is unconstitutional according to *Johnson*, because his prior conviction under M.C.L. § 750.84 does not qualify as a crime of violence without relying on the residual clause. He cites the Sixth Circuit's decision in *Pawlak* in support of this argument. However, as noted above, the Supreme Court's more recent decision in *Beckles* held that the *Johnson* decision, which rendered unconstitutional the residual clause in the ACCA, does not extend to the sentencing guidelines. In *Beckles,* the Supreme Court held that the sentencing guidelines, in contrast to the ACCA, a statute, "do not regulate the public by prohibiting any conduct." *Beckles*, 137 S.Ct. at 895-96. The sentencing guidelines are not subject to the same due process vagueness challenges as the ACCA. *Id*. The *Beckles* decision applies to Sinclair's argument because he was sentenced under the sentencing guidelines.

As to Sinclair's argument that M.C.L. § 750.84 is not considered a crime of violence, the Sixth Circuit held that even if the residual clause is void, the conviction under this statute qualifies as a crime of violence. *Raybon v. United States*, No. 16-2522, 2017 WL 3470389 at *4 (Aug. 14, 2017).

Based on the above analysis, the Court finds that Sinclair failed to show that his sentencing was unconstitutional under the doctrine set forth in *Johnson,* in light

of the *Beckles* decision. Sinclair is not entitled to relief under § 2255.

## III. CERTIFICATE OF APPEALABILITY

Rule 22 of the Federal Rule of Appellate Procedure provides that an appeal may not proceed unless a certificate of appealability is issued under 28 U.S.C. § 2253. Rule 11 of the Rules Governing Section 2225 Proceedings, which was amended as of December 1, 2009, requires that a district court must issue or deny a certificate of appealability when it enters a final order. A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Courts must either issue a certificate of appealability indicating which issues satisfy the required showing or provide reasons why such a certificate should not issue. 28 U.S.C. § 2253(c)(3); Fed. R. App. P. 22(b); *In re Certificates of Appealability,* 106 F.3d 1306, 1307 (6th Cir. 1997).

For the reasons set forth above, the Court finds that a certificate of appealability will not be issued in this case since the arguments raised by Sinclair in his § 2255 motion are without merit.

## IV. CONCLUSION

For the reasons set forth above,

IT IS ORDERED that the Motion to Amend or Correct the Motion to Vacate

Sentence under 28 U.S.C. § 2255 **[Doc. No. 69]** is **GRANTED**.

IT IS FURTHER ORDERED that the Motions to Vacate, Set Aside or Correct Sentence under 28 U.S.C. § 2255 **[Doc. Nos. 62 and 70]** are **DENIED.**

IT IS FURTHER ORDERED that **Civil Case No. 16-11000** is **DISMISSED** with prejudice and designated **CLOSED** on the Court's docket.

IT IS FURTHER ORDERED that a certificate of appealability not issue in this case.

        S/Denise Page Hood
        Denise Page Hood
        Chief Judge, United States District Court

Dated: September 11, 2017

I hereby certify that a copy of the foregoing document was served upon counsel of record on September 11, 2017, by electronic and/or ordinary mail.

        S/LaShawn R. Saulsberry
        Case Manager